UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CR-8-1BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| JOHN EDWARD MUTH, JR. | |

This matter is before the court on defendant's letter dated 11 October 2020. (DE # 130.) Defendant requests that the court amend the condition of supervised release prohibiting him from communicating or interacting with a known felon without permission of his probation officer. (See id.) According to defendant, this condition is preventing him and his wife, a convicted felon, from "getting on with" their lives because the probation officer will not approve their living together. (Id.) He also requests that the court assign a new probation officer to supervise his release on the grounds that his current officer has animosity towards him and a conflict of interest. (Id.)

The court notes that defendant's wife is also his co-defendant, who pled guilty to a related felony. At the time of their convictions in this case, they were not married. (See Am. PSR, DE # 91, ¶ 41; PSR, DE # 100, ¶ 39.) The defendants both have a significant history of substance abuse. In fact, in 2018, the court concluded the co-defendant had violated the terms of her supervised release by using a controlled substance and by failing to participate in a treatment program, among other things, and terminated her supervision. (DE # 125.) She was subsequently incarcerated in Virginia for a felony, controlled substance offense. (DE # 129, at 1.) Defendant, who began supervision less than one year ago, admitted that shortly after the co-

defendant's release from incarceration, she stayed with him, they married, and he used controlled substances on more than one occasion. (Id.)

At this time, contact between defendant and his wife will likely cause defendant to continue to use controlled substances, thereby violating another condition of his supervised release and the law. Precluding defendant's contact with known convicted felons, including his wife, promotes deterrence, advances defendant's rehabilitation and protects the public from recidivism. See 18 U.S.C. § 3583(d)(1), (2), (e)(2). The court declines to modify this condition of defendant's supervised release. Cf. United States v. Ly, 650 F. App'x 503, 507-08 (9th Cir. 2016) (holding that where the standard condition of supervised release barring the defendant from associating with convicted felons without the probation officer's permission infringed on the defendant's ability to associate with his wife, who had pled guilty to related felony charges, "the district court must 'undertake an individualized review of that person and the relationship at issue' and 'provide a justification for the imposition of such an intrusive prohibitory condition'" (citations omitted)).

The court also declines to direct the assignment of a new probation officer. The officer is ensuring defendant abides by the conditions of supervision that this court ordered. Her actions do not reflect animosity on her part or a conflict of interest.

Accordingly, to the extent defendant's letter is deemed a motion, it is DENIED.

This 4 January 2021.

_____
W. Earl Britt
Senior U.S. District Judge